No. 27,306.

J. A. JOHNSTON, *Appellee,* v. THE FARMERS ALLIANCE INSURANCE
COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. FIRE INSURANCE—*Vacancy of Premises—Burning by Insured—Evidence.* In
an action to recover on a policy of fire insurance, the evidence considered
and held sufficient to require submission to a jury as to whether or not a
barn covered by the insurance had been vacant and unoccupied contrary to
the provisions of the policy for a period of more than thirty days previous
to the fire; also as to whether or not the barn was burned by the insured.

2. SAME—*Waiver of Forfeiture—Collection of Premium Without Knowledge
of Facts.* The collection of the premium on a fire insurance policy without
knowledge of facts constituting a forfeiture of the policy is not a waiver of
the rights of the insurer.

Appeal from Harvey district court; WILLIAM G. FAIRCHILD, judge. Opinion
filed April 9, 1927. Reversed.

*Stephen H. Allen, Otis S. Allen* and *George S. Allen,* all of Topeka, for the
appellant.
*Ezra Branine* and *Alden E. Branine,* both of Newton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:   The action was one to recover $2,000 on a policy
of insurance covering a barn. The defense was that the barn had
not been occupied for more than thirty days previous to the fire,
contrary to the provisions of the policy, also that the plaintiff
burned the barn. Plaintiff prevailed and defendant appeals.

The evidence disclosed these facts: A house on the premises
owned by the plaintiff was burned December 1, 1924, and the barn
March 21, 1925. On March 10, 1925, plaintiff held an auction at
which time the barn was bid off for $505. The purchaser, however,
did not succeed in making satisfactory paper and there was no sale
of the barn. The day before the barn burned, plaintiff remarked to
a neighbor that it would be an accommodation if some one would
burn the barn for him. Plaintiff contends this was only a jocular
remark. The barn burned about 6 or 6:30 in the evening. The
afternoon of that day, plaintiff had a bonfire of trash about ninety
feet southeast of the barn. .The wind was blowing in the general

Fire Insurance, 26 C. J. pp. 324 n. 5, 325 n. 90, 326 n. 27, 554 n. 10, 558 n. 31;
14 R. C. L. 1191.

direction from the bonfire toward the barn. The plaintiff was seen going away from the premises a short time before the fire. His preliminary notice of loss stated that the fire likely occurred from the burning of trash.

The defendant sought to prove that the barn had been vacant for more than thirty days previous to the fire. There was testimony excluded on the objection of plaintiff, but plaintiff contends it related only to the house. We are of opinion plaintiff is not correct in this contention. There was testimony that the barn was last occupied in the feeding of cattle in February. In the course of the examination, the court asked counsel: "Do you want to know who was the last tenant in the house?" Counsel asked, "Who used the barn and farmed the premises?" The court said: "I don't see where we are getting to. I am going to sustain that." Counsel: "I want to get enough in here to raise the question of occupancy and extra hazards." By the court: "Sustained."

There was testimony that there were cattle in the barn from January 1 until February 15, the cattle being removed the latter date. A demurrer to the defendant's testimony was sustained. We think wrongfully. The evidence, together with the fair and reasonable inferences that might have been given it, was sufficient to require submission to the jury both as to whether or not the barn was unoccupied for more than thirty days previous to the fire and as to whether or not its burning was caused by the plaintiff. (*Rowan v. Rosenthal*, 113 Kan. 604, 215 Pac. 1008; *Prewett v. Sholl*, 120 Kan. 158, 242 Pac. 149.)

The plaintiff contends that the defendant was estopped because it levied an assessment against plaintiff on the policy in question and accepted the premium which it has retained. This contention might be sustained if it appeared that the breach of the condition of the policy which avoided it was known to the defendant at the time the assessment was levied. There was no allegation in the reply, nor proof that the defendant knew of the vacancy of the property prior to the fire. It may be noted, also, that plaintiff stated in his proof of loss that the real estate was in plaintiff's possession at the time of the fire and that he had live stock thereon and used and occupied the barn in connection therewith. The collection of the premium without knowledge of the facts constituting a forfeiture was not a waiver of the rights of the defendant. (*Insurance Co. v. Ferguson*, 78 Kan. 791, 98 Pac. 231; *Eikelberger v. Insurance Co.*,

105 Kan. 675, 189 Pac. 139; 26 C. J. 325.) It appears in the instant case, also, that a part of the premium had been earned before the loss, therefore collection of it would not constitute a waiver. (*Insurance Co. v. M. Savings Association*, 9 Kan. App. 803, 59 Pac. 1092; 26 C. J. 324, 325.)

The judgment is reversed and the cause is remanded with directions to grant a new trial.